```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

AARON MICHEAL BOSTON                         CIVIL ACTION

VERSUS                                       NO. 11-0828

DEPARTMENT OF PUBLIC SAFETY                  SECTION "I"(5)
AND CORRECTIONS, ET AL
```

## REPORT AND RECOMMENDATION

Plaintiff, Aaron Micheal Boston, filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983, naming as defendants the Louisiana Department of Public Safety and Corrections (DOC) and Jill Ott, a DOC employee. Plaintiff complains that DOC has placed an "illegal hold" on him which has prevented his release from custody in the Jefferson Parish Correctional Center. As a result of his continued custody, his "construction company is losing thousands of dollars a day". As a result, plaintiff is seeking damages in the amount of $1.5 million.

With respect to actions filed in forma pauperis, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-

>	(I) is frivolous or malicious;
>
>	(ii) fails to state a claim on which relief may be granted; or
>
>	(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir.1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>In re Katrina Canal Breaches</u>

Litigation, 495 F.3d 191, 205 (5th Cir.2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that plaintiff's action be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

As a preliminary matter, the Court notes that the Louisiana Department of Public Safety and Corrections is an improper defendant for two reasons.

---

[1] The Court must liberally construe a pro se civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994).

3

First, state agencies are not "persons" subject to suit under 42 U.S.C. §1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir.2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir.1992); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, *3 (E.D.La. Dec. 4, 2009); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D.La.2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, *2 (E.D .La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, *2 (E.D. La. June 23, 2003).

Second, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir.2000); see also U.S. Const. amend. XI. The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts.  When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity.  By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. §13:5106(A).

4

> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting §1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280-81 (5th Cir.2002)(quotation marks and citations omitted); <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312, 313-14 (5th Cir.1999); <u>McGuire</u>, 2009 WL 4891914, *3-4.

Accordingly, plaintiff's claim against the Louisiana Department of Public Safety and Corrections must be dismissed.

Additionally, plaintiff has not set forth any factual allegations specific to defendant, Jill Ott. Therefore, there is a lack of facial plausibility sufficient to establish that Ott is liable to plaintiff for any misconduct. <u>Ashcroft v. Iqbal</u>, supra. Accordingly, plaintiff's claim against Ott may, likewise, be considered as frivolous.

Moreover, to the extent plaintiff seeks injunctive relief, compelling defendants to lift the alleged "illegal hold" on him, such a claim is more in the nature of one seeking habeas corpus relief which must be asserted as such, and only after plaintiff has exhausted his state court remedies. <u>See</u> <u>Serio v. Members of Louisiana Borad of Pardons</u>, 821 F.2d 1112 (5th Cir. 1987). Further,

under Heck v. Humphrey, 512 U.S. 477 (1994), the plaintiff's claim for monetary damages under §1983 is subject to dismissal because any grant of relief in connection with this claim would effectively call into question the validity of his confinement on the hold or detainer.  Accordingly, he is not entitled to relief on this claim unless and until he has obtained relief in connection with a properly asserted habeas corpus action.  Therefore, any claim brought pursuant to §1983 is legally frivolous and is subject to dismissal, with prejudice to its being asserted again until the Heck conditions are met, i.e., until plaintiff has successfully challenged his hold or detainer in a separate proceeding.  See Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).

### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that plaintiff's action be dismissed with prejudice as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this   2nd   day of  June    , 2011.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE